## ABEGG et al. v. PEOPLE'S TRUST CO. OF BROOKLYN et al.

(Supreme Court, Appellate Division, First Department. February 25, 1901.)

1. DEPOSIT IN COURT—NOTICE OF MOTION.

Where a trust company applies for an order to deposit in court money which was deposited with it by an assignee of an insolvent firm, and which, on the death of such assignee, was transferred to the credit of the substituted assignee, and it does not appear that all the parties who have made claim to or are interested in the fund had notice of the application, the application should be denied.

2. SAME—APPEAL—RECORD.

On an application of a trust company for an order to deposit in court money deposited with it by the assignee of an insolvent, the motion pa-

pers were based on an affidavit, to which was annexed the papers used on a previous motion. Such papers included the summons and complaint, neither of which were set out in the record on appeal. *Held*, an order granting such application should be reversed.

Appeal from special term, New York county.

Action by Henry Abegg and others against the People's Trust Company of Brooklyn and others. Application by the company for an order to pay into court funds held by it to the credit of Homer R. Scoville, as substituted assignee of William McFarlane & Co. From an order granting the application, the assignee appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Walter E. Cook, for appellants.

T. Elliot Hodgskin, for respondent People's Trust Company.

PER CURIAM. We think this order should be reversed: First. It does not appear that all of the parties who have made claims to, or are interested in, the fund held by the People's Trust Company are parties to the action, or had notice of the application. Of course, the trust company could not, in the absence of notice to all parties claiming the fund, relieve itself from the liability to pay to the proper one by making the deposit, as here sought. Second. The order must also be reversed because the record does not contain all of the papers used upon the motion. The motion was made upon the affidavit of one of plaintiffs' attorneys, and annexed to it, and made a part of the application, were the papers used on the former motion. The papers used upon the former motion included the summons and complaint, neither of which is set out in this record. The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.